Prison Legal News is a non-profit organization with a history of having its publications censored by correctional facilities. Here, staff at the Pinella County Jail were throwing away PLN's publications and books until this lawsuit was filed. The district court here abused its discretion because it refused to enjoin the county from continuing to violate PLN's First Amendment rights. PLN met its burden to prove the elements required for a permanent injunction. And defendants did not meet their formidable burden to show that it was absolutely clear that the allegedly wrongful behavior could not be expected to recur. Now, on the first order, I was just trying to parse through the orders. In the first order, the district court heard the defendant's argument that the case was moot. So I guess the prison had changed its policy after you brought the case but before it was heard. And the district court said the defendant has the burden of showing that this voluntary cessation won't occur again. It's a heavy burden. They haven't met it. The case is not moot. But then the district court said I can't rule on the summary judgment on the constitutionality or the permanent injunction. Then there was a second. There were two more proceedings, I guess. So then on the permanent injunction, the burden is now on the plaintiff to show, and the district court correctly held that the burden is on the plaintiff to show that this is going to happen in the future, which is a different burden and the burden is placed on the plaintiff. And the district court just said you didn't meet it. Now, that doesn't have to do with mootness, right? That's just whether you've shown that there's irreparable harm that's likely to occur in the future in light of their changed policy. Your Honor, I think there's two burdens here. There's the initial burden that the plaintiff had to meet the requirements for a permanent injunction. And I think where the court erred was in applying the burden on plaintiff, as had been done in previous cases about initial standing, to show likelihood of recurrence. I think the case law- Well, the plaintiff has to show all the elements of permanent injunction, right, which would include that they're going to be subject to irreparable harm. That's one of the four prongs, right? So we're now, once we're past mootness, and then the district court ruled against the defendant on mootness, I guess I don't understand why you think the plaintiff doesn't have to show that there's likelihood of harm in the future. Well, Your Honor, I think our position is that we weren't past mootness at that point. If you look at Friends of the Earth or Bell v. City of Boise, which was decided in this court last year, that was a case just like this one where you had a plaintiff who had initial standing at the beginning of the case, and then the defendant changed their policy, and the court applied the voluntary cessation mootness standard to look at whether injunction should be granted. I didn't see anything about mootness in the second order. I mean, the district court ruled in your favor on the first order, said it's not moot, and then allowed you to go on to argue your case. So that was my confusion, and the district court just said you didn't carry it, you didn't carry your burden. I mean, the district court may have been wrong, but I don't see why you didn't have the burden at that point. Nothing was said about whether the case was moot, at least in the order as I read it. Your Honor, I don't think the district court found that the case was moot, but the ---- Well, it expressly said it wasn't moot, right? Right. So the district court didn't address mootness, but we think that that standard from Friends of the Earth in voluntary cessation cases should have applied in the second order. Well, let me come at the same question from a different angle. I have the same concerns that my sister has here. As I read the sequence of the district court's order, it rejected the mootness argument in the first order and then said turning to the merits of the injunction, I don't know enough about what this policy is in order to make a ruling on that. So in essence, I'm going to reopen the record, and I'm going to allow the county to submit additional evidence, and then you've got to respond to that so that I can then consider whether or not injunctive relief is appropriate. That doesn't suggest to me that the district court had gotten confused on mootness. That just says to me I'm now going to consider the four winter elements in determining whether or not an injunction should apply. Now, the only thing that gives me pause is your point that the policy didn't change until the lawsuit got filed. But it wasn't clear to the district court what the policy was, and so it was asking for more information to determine what the prison or the jail was going to do on a going-forward basis. Right. We think that's in part why the district court erred by relying on verbal instructions that were communicated to the court only in an affidavit, you know, 16 months after the policy was changed. That was the first time this new procedure that Chief Kimball describes in his affidavit had ever showed up in the litigation. And so, you know, as we cited in our brief, there's decades of case law about how much specificity the First Amendment requires, and we think it was an error here to, you know, this is the same policy under which PLNs write for violated. The words didn't change. It was still unconstitutionally vague that the county had multiple chances to amend its policy to one that would comply with the First Amendment, and they didn't, and instead the court gave them another chance. I understand that once Deputy Chief Kimball's declaration got filed and the training of the mail handling staff was complete, you haven't had any problems getting your materials into the jail, have you? Well, I think it's important to go through the chronology a little bit here. Well, let's start with a yes or no answer. Do I correctly understand the record, or did I misunderstand? Yes, our client is not aware of any problems getting through, although obviously we have limited visibility into whether prisoners are receiving publications from us, because obviously prison legal news can send stuff and, you know, there's no way for us to get confirmation. And just, but it's true that we don't have any evidence of. They're not sending it back to you with a form that says if you object to the fact that we rejected your mail, here's our appeal procedure. They have not, no. Other organizations like PLN have received that kind of response from the jail, and I think just in terms of how long it has been, it's important to realize that, you know, the problems that happened after the new policy was implemented as minor glitches or an implementation and training phase. But I just want to review the chronology briefly. So we had this, the lawsuit was filed in September 2011. A new policy was put in place in November 2011. We continued to see problems through at least the spring of 2012,  so, you know, there's no, neither party has any evidence in the record about what's happened, you know, since that implementation and training phase ended. So we had problems continuing. Well, I thought that was the whole purpose of reopening discovery to allow the county to supplement it with the deputy chief's declaration. And then if you wanted to put in, I mean, did you ask for leave to conduct further discovery after you got Chief Kimball's declaration? Your Honor, yes. So the discovery was not reopened. The court asked for a briefing on what the county's procedures were for. Did you ask for an opportunity to re-depose Chief Kimball now that you had his declaration? We did not. I mean, I don't think that was contemplated by what the court asked for us. I mean, clearly the court took additional evidence and said you would have an opportunity to respond. Now, maybe I'm being unfair to the district court here, but I don't see anything that says that you can't come back and say, look, we'd like an opportunity to at least re-depose Chief Kimball now that we have this declaration and ask him some questions about what this policy really means. Well, we certainly would have liked to have had that opportunity. But you didn't ask. And you're here telling us the district court abused its discretion in not allowing the entry of a preliminary injunction. And I'm trying to find out where the district court went off the tracks under an abusive discretion statement. Well, so apart from the issue of whether we could have asked to reopen discovery, you had a policy under which Palin's rights were violated and you had the same policy still in place, and the district court concluded that that policy could be cured by verbal instructions given to jail staff members. But I think that the policy changed. It's not the same policy that's still in place. The policy, as I understand it from Chief Kimball's declaration, is different from what caused you to file the lawsuit in the first place. The written policy is unchanged. She has filed an affidavit that said this is how I interpret the policy. So let's take it for instance. My understanding was that before you filed the lawsuit, the only materials that would be allowed in would be materials that came from Walden Books, Borders, and the other two, Barnes & Noble and Amazon. Right? That's correct, Your Honor. I think it's important to point out that that's no longer the case. That's a different interpretation of the same words. But that's no longer the case as I read the declaration of Chief Kimball. So that policy has changed, has it not? So the policy still says the same thing it did before. Well, you're saying that the written words are the same. It was general. But now the head of the prison, I guess, is he the warden? He's the deputy chief of the jail. The deputy chief has given his authoritative interpretation. And, for example, if his interpretation was no books are allowed in, we would definitely say that was the policy of the prison regardless of what the words said. So now he has given an interpretation plus training that is much more open to books and materials coming in. So I think we have to take that as the policy of the prison at this point. Well, I think it's instructive to look at other cases. This is Bellevue City, Boise, which was a decision from this court. Okay, those are mootness questions. In that case, the court had a written, quote, special order from the police department, which set out the new policy. And even in that case, the court found that that wasn't enough because it wasn't enshrined. It wasn't enough to make it moot. I mean, we're now looking at whether there's, I think, likelihood of substantial and immediate irreparable injury. That's what our standard is. And in other circuits, they've said cognizable danger of a recurrent violation. So we're not even looking at vagueness at this point. We're looking at likelihood that will happen again. And based on our standard of review, we'd have to say that the district court abused its discretion in crediting Mr. Kimball's interpretation and instructions, and therefore the district court abused its discretion, holding there was no likelihood. And so I'm struggling with that, especially given the deference that we're to give with governmental agencies. This is not the mootness standard. This is likelihood of substantial and immediate irreparable injury. Well, Your Honor, we believe the mootness standard should have been applied. But even if it wasn't applicable here, the same principles still apply, which is that you had a procedure that was unwritten in any place except for an affidavit to this court. And so I guess the issue is, you know, so a new person comes into the mailroom. There's someone, you know, people change shifts. There's turnover in the jail. You know, is the jail commander going to walk into the mailroom with his affidavit from this case? In every situation, it doesn't seem like a credible way to implement a new policy. And I think that the case law, like in the city of Boise, you know, addresses that issue. You know, it's in a mootness context, which we think is applicable here, but it's the same principle about whether that type of change is durable enough, especially in a First Amendment context. Is there anything you're going to go back now and have a trial on damages, are you not? That's correct. Would there be anything to prevent you at the conclusion of the trial on damages where additional evidence will be adduced before the district court to renew your request for injunctive relief as part of the relief that you're seeking in the case? Yeah, I don't think that the evidence that will be adduced in the trial will be particularly addressing the circumstances of a preliminary injunction. You know, it will be limited to damages. But you're asking for damages for the wrong that was done under the, as you say, written policy that has not changed. Why wouldn't that help inform the district court as to whether or not there's a likelihood of future recurrence? Well, I think it's possible the district court could revisit that decision, but I think it — I mean, I don't think it would be barred by law of the case, because it would be based presumably on additional evidence that was not before the district court at the time it was asked for the injunction. That's possible, but I also think that this court would — if this court clarified, you know, whether the legal basis for the decision was correct, that would guide the district court in determining whether to change its view. Clearly, if we say to the district court, you applied the wrong law, therefore you abused your discretion, that doesn't foreclose you from going back and asking for injunctive relief again on the basis of a correct interpretation of the law. And you're going to have that opportunity. I guess what I'm really asking you, and I do this to lawyers a lot when they're in front of me, is I want to know what the practical import is going to be of the relief that you're asking us. I mean, is your level of trust so low with the county that you want to have this hammer of an injunction hanging over its head in order to ensure that this doesn't happen again so that you can immediately move to hold them in contempt? Or, you know, what's the game plan? Well, I think an injunction provides — I mean, the key thing it provides is notice to a number of parties, to the jail, about what is going to be allowed. You know, here the court has, I think, cast significant doubt on whether the written policy is constitutional. It certainly suggested some concerns with it. But it hasn't provided clear notice to the jail about what needs to be done about it. And so I think, you know, the jail deserves notice, prison legal news deserves notice, third parties, you know, other jails. I think that's the — that's the import of an injunction here, is to be clear with the — I guess one of the reluctance — reluctancies. I'm reluctant to enter an injunction — as broad an injunction as you are requesting against a jail, because there are so many different ways that contraband can be smuggled into jails that I'm not sure how you would craft the wording of the injunction in a way that wouldn't compromise the security of the facility. And I — I don't know if the district court said that, but obviously that was weighing on his mind when he decided that he didn't really need an injunction. Sure. I just want to be clear. Our proposed order that we asked the court to enter was left open the jail's discretion to exclude materials based on any security interests. So we asked the court to simply enjoin them from banning newspapers and magazines altogether, and from banning — and to remove this idea that speakers had to be approved or authorized. But we specifically have language in the proposed order that says, you know, the jail can still reject publications consistent with any security interests. So maybe this is reading too many words into what you just said, but would you be happy with an injunction that essentially incorporates the terms laid out in Chief Kimball's declaration as to how the policy is currently being implemented? Well, that would certainly be a stronger policy. I think given the — yeah, I mean, given the context here, I think an injunction even specifying that would be, you know, a much better approach than what the district court took here. Okay. Let's hear from the county. Good morning, Your Honors. Eileen Gilbride for the defendants' appellees. I don't want to fix what ain't broke here. I'd like to focus on the standard of review, because reading PLN's reply brief, I thought they were arguing for a de novo standard of review. Maybe I got that wrong, because I heard — I thought they were arguing for a de novo standard of review, but I thought they were arguing for a de novo standard of review. Okay. And if that's the case, again, as Judge Ikuda noted, we're not here on mootness at all. The judge, the district judge decided that the totality of the circumstances didn't warrant injunctive relief. And that's important, because the two precepts that guide your review here today are first, that a preliminary injunction is an extraordinary remedy that's not warranted without a clear showing that the case demands such relief, and second, on the abuse of discretion review. And that means, as the court well knows, that there's no reversal unless there's no reasonable basis for the district court's decision. And it's clear that there is a reasonable basis for the district court's decision. Can I ask you about a puzzlement I had with the district court's order? In the first order, when he was deferring ruling on certain items, one of them was the constitutionality, I guess a freestanding constitutionality claim of the policy where there was a summary judgment motion pending, and then the second was the permanent injunctive relief. And then in the second order, in the follow-up order, the summary judgment motion on the constitutionality of the policy was not addressed or even mentioned by the district court or the party so far as I can tell. What happened with that part of the district court's ruling? I'm not sure. We had admitted, as you know, that there was a First Amendment violation and a due process violation. I'm not sure I understand your question. The second part, what are you asking what Judge Snow wanted additional information on in order to get to the second part? He wanted to know what was the basis upon which we had started accepting, or the jail had started accepting PLN's materials, because it wasn't clear to him under the policy why PLN's materials fit the policy. And then Judge Kimball came back with, Judge, Chief Kimball came back with his affidavit saying, it's because this is how we're doing the, what we're doing with the review, they are able to be checked on the Internet to know that they are an actual legitimate sender, because anyone can say, can put their return address as, you know, Joe Blow's books and have it not really be an authorized, recognized publisher, distributor, et cetera. So he wanted to know the basis. And the basis, according to Chief Kimball, was we checked them on the Internet, they're a legitimate sender, and so they're okay, and they pass our review process. So if the PLN had standing to bring a claim, could they have brought in a claim that the policy was facially unconstitutional and gotten that sort of ruling? They didn't, but I suppose they could have. We never complained about their standing at all. And they didn't bring that sort of claim? They did not, no. Let me ask you a more troubling question. I'm looking at page four of the district court's second order, ER6, where he addresses, if you want to get it, go ahead. ER6. It's page four of the second order. Yeah. I'm looking down at line 20. In cases, I should be, I guess, in a case like this, where the injury to the plaintiff has ceased, the plaintiff carries a weighty burden to show that future injury is likely, and then it cites to our decision in Nelson versus King County. Hasn't he got the law exactly backwards? Well, we never claimed that the case was moot. We never claimed that the case was moot. He's citing a mootness case in response to, as he begins the analysis of PLN's request for a permanent injunction. I don't see anything in that section of the court's opinion that says anything at all about mootness. Now we're talking about whether or not they're entitled to equitable relief. I mean, the standard seems to be correct, but the case is wrong. So what do we do about that? Right. And I think maybe he made a little, you know, error there, but if you read the entire decision in the entire next decision, and if you couple that with the party's summary judgment cross motions, you'll see that mootness was not an issue. It wasn't raised. It wasn't a defense that we relied on. The word moot doesn't appear in their response to our cross motion, and it doesn't even appear in our reply. Okay, but that doesn't address my concern. My concern is he's citing Nelson, which is a mootness case, for the proposition that it is the plaintiff who has the burden to show that future injury is likely. And the burden, as I understand the law, is on the defendant, where the wrongdoing behavior has ceased as a result of the filing of the lawsuit, and the defendant is not pleading with the district court, please don't enter an injunction against me, because I'm not doing it anymore. Right. And that wasn't, maybe as Judge Ikuda says, the citation isn't correct, but the standard is correct, because we did not argue that the case was moot. I don't think he was responding to an argument that the case was moot, or that, you know, there was no jurisdiction. So the case might be, the case citation might not be the best case citation. It might be wrong. But the judge was saying, plaintiff, you have not met your burden of showing that there's a reasonable likelihood of future violations. I mean, if you look at all of the pleadings, and all of the whole order, both orders in context, the judge was making a decision that the totality of the circumstances didn't warrant permanent injunctive relief. I mean, he does go on in this second paragraph that starts on line 26, and now he's talking about mootness again. So, maybe this should have gone through one more revision before it got filed. Perhaps. But no one was arguing that the district judge or the district court lacked jurisdiction because of mootness. Okay. There is a reasonable basis, and I'm sure, I don't want to beat a dead horse, but there is a reasonable basis for the court's decision. PLN said absolutely nothing to anyone about a problem getting their publications distributed for seven months. They didn't even make a phone call. You're talking about before they filed the suit. That this whole thing could have been alleviated if they contacted the jail and said, hey, you guys are violating the Constitution. Right. Exactly. Instead, your first notice was when the process server knocked on your door. That's exactly right. Well, our first notice was actually when we got a phone call from the New Times, a publication in Phoenix, saying, hey, what about this lawsuit? It was the first that we had ever heard about it. And the command staff immediately took corrective measures, and the district judge obviously thought that there was appropriate conduct that way and that there wasn't a danger of future harm. And, in fact, it was that since then that PLN's materials have not been rejected. Not later with the Kimball affidavit, as your Honor thought. It was actually earlier than that. Well, the Kimball affidavit is a little vague as to when the training occurred. I was unable to piece it together. Right. But the Kimball affidavit speaks of errors in the implementation for seven other pieces of mail, not for PLN. I read in his declaration to say as soon as we understood that we shouldn't be rejecting PLN's material, we let it through. And your opponent says they haven't had any problems with their material. Exactly. Exactly right. So what about my question to your opponent about the door is not totally closed to an injunction if subsequent events brought to the district court's attention require it to reconsider? You know, I don't haven't thought about whether or not that's still open. I suppose it could be. I mean, the district judge has jurisdiction to listen to whatever it is they want to say. Discovery is closed, but there's going to be a trial on damages, and the district judge has set forth what the measure of those damages are going to be, the frustration of mission and so on. And if the evidence comes in, then I suppose there's always the opportunity to raise that issue to the district judge. I'm not saying that there's going to be additional discovery or anything like that. It really depends on what happens at the trial. Right. Exactly. Again, I don't want to beat a dead horse, so if you don't have any other questions, I'll ask you to affirm. Thank you. All right. Thank you very much. You may have used up all your time, but I'll give you a minute in rebuttal. I just want to briefly address two questions. One, whether the constitutionality of the policy, as Judge Akuta asked, was addressed in the second order. I mean, we think that is a big part of the problem, that the court did not, the court let stand this policy that seems unconstitutional and did not address it. But present counsel says you didn't make a claim that the policy was facially unconstitutional, you didn't make a facial challenge. Is that correct? Well, I'm not sure exactly how the wording of the complaint was made, but we certainly allege that our rights are being violated by this, by the jail's policy. I think at that point we didn't know what the problem was. All we knew was our materials were not being allowed. And so I think in the context where you have proven violations and you have a policy that hasn't changed in significant ways, then the court is obligated to address the constitutionality of the policy in deciding whether or not it needs to be enjoined. Well, you're here on an appeal from a denial of a preliminary injunction. Is that even within the scope of our jurisdiction on an interlocutory appeal? It's a denial of a permanent injunction, yes. But, yes, we think the constitutionality of the policy is relevant to whether or not the policy should have been enjoined. But that wasn't the ground on which the district court denied the relief. The district court denied relief on the ground that there was not a sufficient showing of future injury. That assumes that there was a constitutional violation, but that it was not likely to recur. Well, we think that in determining whether it was likely to recur, he needs to look at whether the policy was constitutional as it stands. But you don't get to recurrence until you decide whether or not there's a violation. Because if you conclude that there was no violation, then you don't care what happens in the future. Well, I shouldn't put it quite like that, but at least that conduct, if it's not unconstitutional, you wouldn't need to consider its recurrence if it's not a violation. Well, there's clearly a past violation, and the question is whether there's going to be a violation in the future. And we think that whether the, you know, say the current, as Judge Acuda, I think, posited at the beginning, if the current policy said, you know, no publications at all, then the court would have been obligated to. Well, I thought your position in the briefing was that the county essentially rolled over by immediately changing its policies, thereby implicitly conceding that whatever they'd been doing before was not constitutional. The county began allowing in prison legal news publications, but the policy did not change, the written policy did not change in any significant fashion. It still includes the words approved, authorized, recognized, the same vagueness that led to the problems in the first place. I don't think your answer responded to my question. All I asked was, I mean, didn't you argue in the brief that it must have been unconstitutional because the county didn't contest your challenge? Right. I mean, they argued that the county. Policy. You mean on appeal. The county did not say that it was irrelevant whether the current policy was unconstitutional, yes. Okay. I think we understand your position. Thank you.
judges: Alarcon, Tallman, Ikuta